**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

WILLIAM BROWN,

Plaintiff,

v. CAUSE NO:

MARION COUNTY, INDIANA d/b/a MARION COUNTY COURTS and PAIGE BOVA KERVAN,

Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, William Brown ("Plaintiff"), by undersigned counsel, and hereby files this lawsuit against the Defendants, Marion County, Indiana, "Marion County" and Paige Bova Kervan, ("Bova Kervan") under the Americans with Disabilities Act Amendment Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

**PARTIES**

1. Plaintiff has resided within the Southern District of Indiana at all relevant times.

2. Defendant, Marion County, Indiana is a governmental agency located in the Southern District of the State of Indiana.

3. Defendant, Bova Kervan, is the Chief Operations Officer for the Marion County Courts located in Marion County in the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, § 1343, 29 U.S.C. § 2617(a)(2), and 42 U.S.C. § 12117.

5. Plaintiff was an "employee" within the meaning of 42 U.S.C. § 12111(4) and 29 U.S.C. § 2611(2)(A).

6. Defendant Marion County is an "employer" within the meaning of 42 U.S.C. § 12111(5) and 29 U.S.C. § 2611(4)(A).

7. Defendant Bova Kervan is an "employer" within the meaning of 29 U.S.C. § 2611(4)(A).

8. Plaintiff satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received his Dismissal and Notice of Rights on said Charges and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

9. Between October of 2023 and July of 2024, Plaintiff was an eligible employee as that term is defined by the FMLA.

10. Plaintiff had a health condition in 2023 and 2024 as that term is defined by the FMLA.

11. Since January of 2022, Defendant has employed 50 or more employees within a 75-mile radius of the facility at which Plaintiff worked and is an eligible employer under the FMLA.

12. All the events, transactions and occurrences pertinent to this lawsuit occurred within the geographical environs of the Southern District of Indiana and all parties are located therein.

## FACTUAL ALLEGATIONS

13. Plaintiff, Brown, was employed by Defendants as a Court Navigator from on or about October of 2022 until the time of his wrongful termination on or about July 29, 2024.

14. Brown is a qualified individual with a disability, and/or record of disability, and/or is regarded as disabled by Defendant. Brown suffers from diabetes which substantially impairs one or more of his major life activities. Despite his disability, Brown could perform all the essential functions of his position with or without an accommodation.

15. At all relevant times, Brown's work performance met or exceeded the Defendants' legitimate expectations.

16. In March of 2024, Brown requested a specialized desk to accommodate his disability related symptoms. Brown's request constitutes a request for a reasonable accommodation under the ADA and is protected activity.

17. Shortly after notifying the Defendants of his disability and requesting the specialized desk, Brown noticed that he was suddenly being targeted and singled out by the Defendants over trivial matters, such as alleged dress code violations. Allegations of dress code violations had never been mentioned to Brown prior to his request for a reasonable accommodation and Defendant's knowledge of his disability.

18. Brown notified his supervisor, Leigh Carpenter, ("Carpenter") that he believed he was being targeted by the Defendants, as his coworkers who dressed similarly to him had not been approached by Defendants with concerns about their workplace attire.

19. By July of 2024, Brown had exhausted most of his PTO to attend his disability-related medical appointments. Despite using a significant amount of PTO, Brown had never

used more hours than he had allotted, and he had no attendance points. After speaking with his medical provider about his concerns with missing work to attend medical appointment or take leave due to disability-related flare ups, Brown's medical provider recommended that Brown request FMLA leave from the Defendants.

20. On or about July 22, 2024, knowing that he had upcoming medical appointments and limited PTO hours available for the month, Brown spoke with Carpenter about his concerns with his upcoming medical appointments and limited available PTO. Carpenter advised Brown to start saving up more PTO time so he would be covered for any future medical related absences but did not suggest to Brown that he apply for FMLA.

21. On July 25, 2024, Brown sent an email to Bova Kervan indicating that he needed to request FMLA leave.

22. Brown's request for FMLA qualifying leave is a request for a reasonable accommodation under the ADA and is protected activity.

23. Bova Kervan asked Brown why he needed the FMLA, to which Brown responded, "Chronic Illness". In response, Bova Kervan scheduled a meeting with Brown on July 30, 2024, to discuss his request for FMLA leave.

24. On July 29, 2024, Brown reported to work and was instructed to come to Bova Kervan's office. Upon reporting to her office. Bova Kervan informed Brown that his employment was being terminated.

25. Prior to his termination, Brown had not received any discipline or admonishments regarding any issues with his work or performance.

26. Defendants have accorded more favorable treatment to Brown's similarly situated co-workers who are not disabled, do not have a record of disability, and/or are not regarded by Defendants as disabled. Further, Defendants have treated Brown's similarly situated co-workers who have not requested an accommodation or otherwise engaged in protected activity more favorably than Defendants have treated Brown.

27. Defendants have discriminated against Brown due to his disability, and/or record of disability, and/or the fact that Defendants regard Brown as disabled. Further, Defendants have retaliated against Brown for engaging in protected conduct.

28. As a direct and proximate result of the Defendants' discriminatory and retaliatory actions against Brown, Brown has suffered a loss of income and benefits. He has also suffered and continues to suffer emotional distress, mental anguish, humiliation, embarrassment, and other similar emotions.

29. Defendants have acted intentionally and in reckless disregard of Brown's federally protected rights, and any reason given by the Defendants for the adverse employment actions taken against Brown is pretext for unlawful discrimination.

## COUNT I

## DISABILITY DISCRIMINATION-ADA

30. Brown hereby incorporates paragraphs 1-29 of his Complaint.

31. Defendant Marion County took adverse employment actions against Brown based on his disability, record of a disability, and/or a perception of him being disabled.

32. Defendant Marion County has accorded more favorable treatment to similarly situated employees who are not disabled and/or regarded as disabled and/or do not have a

record of disability.

33. Defendant Marion County's unlawful actions were intentional, willful, and done in reckless disregard of Brown's rights as protected by the ADA.

34. Brown has been and continues to be harmed as a result of Defendant Marion County's unlawful actions.

**COUNT II**

**DISABILITY RETALIATION-ADA**

35. Brown hereby incorporates paragraphs 1-34 of his Complaint.

36. Brown requested reasonable accommodations in the form of FMLA leave as well as a specialized desk.

37. Brown's request for reasonable accommodations constitutes protected conduct under the ADA.

38. Defendants retaliated against Arnold for his engagement in protected conduct.

39. Defendants' unlawful actions were intentional, willful, and done in reckless disregard of Brown's rights as protected by the ADA

40. Arnold has been and continues to be harmed as a result of Defendants' unlawful actions.

**COUNT III**

**FAILURE TO ACCOMMODATE/FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS-ADA**

41. Brown hereby incorporates paragraphs 1-40 of his Complaint.

42. Brown requested reasonable accommodations in the form of FMLA leave.

43. Defendant Marion County failed to engage in the interactive process or otherwise accommodate Brown.

44. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Brown's rights as protected by the ADA.

45. Brown has been and continues to be harmed as a result of Defendant's unlawful actions.

## COUNT IV

## VIOLATIONS OF THE FMLA

46. Brown hereby incorporates paragraphs 1-45 of his Complaint.

47. Defendants violated the FMLA by interfering with Brown's substantive FMLA rights and/or terminating him in retaliation for requesting FMLA-qualifying leave.

48. Defendants' unlawful actions were intentional, willful, and done in reckless disregard of Brown's rights under the FMLA.

49. Defendants have accorded more favorable treatment to similarly situated employees who have not requested FMLA qualifying leave.

50. Brown has been and continues to be harmed as a result of Defendants' unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, William Brown respectfully requests that this Court find for him and order that:

1. Defendants reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to him in lieu thereof;

2. Defendants pay lost wages and benefits to Plaintiff;

3. Defendants pay compensatory and punitive damages to Plaintiff;

4. Defendants pay liquidated damages to Plaintiff;

5. Defendants pay pre- and post-judgment interest to Plaintiff;

6. Defendants pay Plaintiff's attorneys' fees and costs incurred in this action; and

7. Defendants pay to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

*s/ Natalie R. Dickey*

Natalie R. Dickey, Attorney No. 25294-41
HKM Employment Attorneys, LLP
320 N. Meridian Street, Ste 506
Indianapolis, IN 46204
Phone: 317-449-0574
ndickey@hkm.com

**DEMAND FOR JURY TRIAL**

Plaintiff, William Brown, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully Submitted,

*/s/ Natalie R. Dickey*
Natalie R. Dickey, 25294-41